**\*\*E-filed 7/12/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY A. GREER<br><br>    Plaintiff,<br>  v.<br><br>ELECTRONIC ARTS, INC.,<br><br>    Defendant.<br>_____/ | No. C 10-3601 RS<br><br>**ORDER CONTINUING BRIEFING SCHEDULE AND HEARING DATE FOR SUMMARY JUDGMENT MOTION** |

Plaintiff has responded to defendant's pending motion for summary judgment by filing a fully-noticed motion seeking a continuance under Rule 56(d) of the Federal Rules of Civil Procedure. It generally is the practice of this Court to require a party to file an opposition setting forth such evidence and substantive arguments as he or she may presently be able to present against entry of summary judgment, and only to seek a continuance under Rule 56(d) in the alternative, should the Court find such evidence and arguments insufficient. Under the particular circumstances here, however, good cause appears to permit plaintiff to conduct further discovery before requiring him to offer a substantive opposition. Specifically, it is appropriate to permit plaintiff to obtain further discovery into the existence, terms, and scope of the purported license agreement on which defendant relies, including such non-privileged documentary evidence as may exist and deposition

testimony from declarants offered by defendant in support of its motion.[1]  Accordingly, the hearing on defendant's motion for summary judgment is continued to October 20, 2011, at 1:30 p.m. Plaintiff's opposition shall be due on September 29, 2011, and the reply on October 6, 2011.  In light of this order, plaintiff's noticed motion for a continuance will be terminated without further briefing or hearing.

IT IS SO ORDERED.

Dated: 7/11/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1]  Plaintiff's argument that he also needs the opportunity to conduct further discovery related to defendant's laches argument, however, is not persuasive.  The facts and circumstances on which defendant relies are either sufficient to warrant entry of judgment in its favor based on laches or they are not. The additional *details* into which plaintiff proposes to inquire regarding the scale of defendants' marketing efforts and related issues are unlikely to be dispositive as to whether a triable issue of fact exists in the first instance, although they could be relevant  at trial should the Court conclude summary judgment is not warranted.  Accordingly, while this order does not limit the scope of discovery plaintiff may conduct prior to the time its opposition to the summary judgment motion is due, the continuance is not being granted for the purpose of permitting the completion of further laches discovery.