**\*\*E-filed 12/1/11 \*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GREGORY A. GREER

Plaintiff,

v.

ELECTRONIC ARTS, INC.,

Defendant.

_____/

No. C 10-3601 RS

**ORDER DENYING EXTENSION OF DISCOVERY CUT-OFF AND REFERRING MOTION TO COMPEL TO MAGISTRATE JUDGE**

On November 30, 2011, plaintiff filed an "administrative motion" (Dkt. No. 75) seeking to extend the cut-off for fact discovery (presently set for December 1, 2011) and his deadline for making expert disclosures (which expired on November 1, 2011).[1] The motion is denied for the following reasons.

1. Plaintiff has offered no reason to extend the close of fact discovery other than that he has a pending motion to compel, also filed on November 30, 2011. In the event the motion to compel is granted, in whole or in part, however, defendant's obligation to produce such additional information as may be ordered will not be excused by the fact that the discovery cut-off has passed.

---

[1] Plaintiff's motion should have been brought as a motion to change time under Civil Local Rule 6-3, rather than as a motion for administrative relief under Rule 7-11. As the timing requirements of the two rules are identical, however, plaintiff's error in labeling will be disregarded.

    2.  To the extent that plaintiff may be contending that his ability to propound additional discovery beyond that at issue in the motion to compel has been frustrated by those unresolved disputes, he has failed to show that he acted diligently to bring his motion to compel in a more timely fashion.  Plaintiff implies that he was stymied in an earlier attempt to bring the motion to compel by the failure of the Clerk's office to forward to chambers the hard copies of a sealing motion, together with a copy of the motion to compel that he was proposing be filed under seal.  As explained in an order filed September 30, 2011 (Dkt. No. 59), the sealing request was denied without prejudice on grounds that it was grossly overbroad.  While the order mentioned that chambers copies of the underlying materials proposed to be sealed had not been received, that was neither the basis of the denial, nor did it preclude plaintiff from filing his motion to compel with an appropriately-tailored sealing request.  Indeed, the September 30th order, which also continued the briefing schedule and hearing date for the pending summary judgment motion, expressly directed plaintiff to "act expeditiously to obtain resolution of any discovery disputes he contends remain outstanding."  Notwithstanding that order, plaintiff failed to take any action to file his motion to compel for another full two months.

    3.  Plaintiff asserts that the continuance of the summary judgment proceedings provided by the September 30, 2011 order, and a subsequent continuance obtained by stipulation, both left him insufficient time to have a motion to compel heard and decided prior to the hearing on the summary judgment motion.  The continuance provided by the September 30, 2011 order was intended to allow time for plaintiff to resolve any discovery issues material to the summary judgment proceeding without a motion to compel, if possible.  If a motion to compel became necessary, it was incumbent on plaintiff either to seek a further continuance of the summary judgment proceedings, or to have his motion to compel heard on shortened time, or both.  Plaintiff did neither.  Instead, he filed a timely opposition to the summary judgment motion, unaccompanied by any further request under Rule 56(d) of the Federal Rules of Civil Procedure to be permitted further discovery.  A prior order filed July 12, 2011 (Dkt. 51) had specifically explained to plaintiff that he should, if necessary, file a request for a Rule 56(d) continuance together with his substantive opposition, to be reached only in the event the Court found the substantive opposition insufficient to create a material

issue of disputed fact. Accordingly, to the extent plaintiff believes that further discovery may be relevant to the issues to be decided in the pending motion for summary judgment, he has failed to preserve that argument.

4. As to plaintiff's request to extend the already-expired time to make his expert disclosures, he has failed to explain why he did not seek such relief prior to the date the deadline passed. Additionally, plaintiff's cursory explanation that his intended expert "unexpectedly" demanded a large down-payment of fees shortly before his expert disclosures were due does not establish good cause for extending the deadline at this juncture. While plaintiff's current request will therefore be denied, the denial is without prejudice to a separate motion seeking relief from plaintiffs' failure to comply with his deadline for making expert disclosures, to be filed only in the event the pending motion for summary judgment is denied, but which must be filed promptly after the issuance of any such order.

Pursuant to Northern District Local Rule 72-1, the Court hereby refers plaintiff's motion to compel (Dkt. No. 74), the associated sealing motion (Dkt. No. 73), and any further discovery disputes herein to a randomly assigned Magistrate Judge for resolution. The hearing on the motion to compel set for January 5, 2012 is vacated. Plaintiff shall renotice the motion for hearing before the Magistrate Judge pursuant to the local rules and any standing orders or procedures of the Magistrate Judge upon assignment.

IT IS SO ORDERED.

Dated: 12/1/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE