**\*\*E-filed 12/15/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY A. GREER<br><br>        Plaintiff,<br>  v.<br><br>ELECTRONIC ARTS, INC.,<br><br>        Defendant.<br>_____/ | No. C 10-3601 RS<br><br>**ORDER DENYING LEAVE TO SUBMIT SUPPLEMENTARY MATERIAL AND DENYING MOTION TO EXTEND DEADLINE FOR HEARING DISPOSITIVE MOTIONS** |

     1. Plaintiff's motion under Civil Local Rule 7-3(d) for leave to submit supplementary materials in opposition to the motion for summary judgment that is under submission is denied. Plaintiff offers additional evidence for the purpose of attacking the credibility of the declarations and deposition testimony submitted by defendant in support of its motion. In general, however, a "party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001). Even to the extent it may be proper for a party opposing summary judgment to argue that, given a particular factual record, summary judgment is foreclosed by the need to make credibility determinations, the evidence plaintiff seeks to introduce now is merely cumulative to that which he has already submitted.

     2. Plaintiff's motion under Civil Local Rule 6-3 to extend the deadline for hearing dispositive motions is denied. Plaintiff asserts that he intends to move for summary judgment, on

unspecified grounds, if and when his pending motion to compel is granted and he receives further discovery responses. Even assuming defendant's submitted summary judgment motion is not granted, it is not plausible that plaintiff will have a viable basis to seek summary judgment in his favor except, perhaps, with respect to some limited, non-case dispositive, issues. Additionally, even as to such limited issues, plaintiff's contention that he will have grounds to move for summary judgment upon the production of further discovery materials is speculative, at best. Particularly given plaintiff's failure to pursue his motion to compel in a diligent manner as he was expressly ordered to do, there is no basis to extend the deadline for hearing dispositive motions.

     3. This order may render moot those portions of plaintiff's present motion that seek relief from Magistrate Judge Corley with respect to timing of any further document production that may be ordered. Nevertheless, Judge Corley retains full discretion to act, or to decline to act, in response to the present motion as she may deem appropriate.

IT IS SO ORDERED.

Dated: 12/15/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE