IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. GREER,<br><br>    Plaintiff,<br><br>v.<br><br>ELECTRONIC ARTS, INC.,<br><br>    Defendant. | Case No.: C10-3601 RS (JSC)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DISCOVERY (Dkt. No. 74)** |

Pending before the Court is Plaintiff's Motion to Compel Production of Discovery (Dkt. No. 74). Having considered the parties' written submissions, having had the benefit of oral argument on January 5, 2012, and the District Court having denied Defendant's Motion for Summary Judgment, the Court GRANTS the motion in part.

## FACTUAL & PROCEDURAL BACKGROUND

The Court incorporates by reference the factual summary of the case in Judge Seeborg's Order denying Defendant's Motion for Summary Judgment. (Dkt. No. 96).

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . Relevant

information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." See Fed. R. Civ. P. 26(b)(1). District courts have broad discretion in determining whether evidence is relevant for discovery purposes. See Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005).

Pursuant to Northern District Local Rule 37–2, a party moving to compel discovery must "detail the basis for the party's contention that it is entitled to the requested discovery and show how the proportionality and other requirements of Fed.R.Civ.P. 26(b)(2) are satisfied." See also Fed.R.Civ.P. 26(b)(2) (requiring that when determining the appropriateness of discovery requests courts consider whether the discovery is duplicative or overly burdensome and whether the burden and expense of discovery outweighs the benefit).

**DISCUSSION**

Plaintiff's Motion to Compel challenges Defendant's response to the following discovery requests: Interrogatory Numbers: 1, 3, 6, 7, and 10-14 and Requests for the Production of Document Numbers: 1, 5-10. With respect to much of this discovery, Plaintiff contends that Defendant has not been sufficiently forthcoming in its responses. Defendant in turn argues that Plaintiff's requests are overbroad and in some instances, unduly burdensome. At the hearing, Plaintiff clarified the scope of many of the requests and Defendant's counsel made representations about Defendant's efforts to comply with these requests. In light of these representations, the Court declines to order any further discovery regarding these topics, except as to the discovery concerning interrogatory numbers 10-13 and requests for the production of documents numbers 8-9, as discussed below.

**1. Interrogatory No. 3**

Defendant has agreed to identify to Plaintiff those individuals who made the decision in 2007 to make *Command & Conquer: Tiberian Dawn* available for free download. The Court declines to order any further discovery.

**2. Interrogatory Nos. 6-7**

Defendant has represented that it does not possess any non-privileged information responsive to these interrogatories. Plaintiff has agreed to accept this representation.

2

### 3. Interrogatory No. 1

Defendant has agreed to identify the countries within each territory for those territories that were identified in Defendant's January 4, 2012 supplemental response to Interrogatory Number One. The Court declines to order any further discovery.

### 4. Request for the Production of Documents Nos. 5 and 10

Defendant has represented that it did not find any documents evidencing that it encouraged anyone to create a "mod" or any other derivative work with the song *Destructible Times*, nor did it find any documents evidencing that it encouraged anyone to download patches that would insert the song *Destructible Times* into a "mod" of any game. The Court declines to order any further discovery on this subject.

### 5. Request for the Production of Documents No. 6

Plaintiff seeks discovery regarding any communications between EA executives and staff regarding their expectations of the Command & Conquer community, i.e., www.commandandconquer.com. The Court finds that this evidence would be tangentially relevant at best and declines to order any further discovery regarding this subject.

### 6. Interrogatory No. 14 and Request for the Production of Documents No. 7

Defendant has represented that it cannot ascertain either the IP addresses or the number of downloads made from Defendant's site in August 2007 when *Command & Conquer: Tiberian Dawn* became available for download on the site. In February 2011, Defendant began tracking this sort of information for some Command & Conquer products for forum related activity, but not for downloads or sales. In light of Defendant's representations, the Court declines to order any further discovery regarding this subject.

### 7. Interrogatory Nos. 10-13; Request for the Production of Documents Nos. 8-9

In response to these requests, Defendant has produced information regarding all domestic net revenues from the distribution of the Game or any compilation packs of the Game dating back to 2006. At the hearing, Defendant conceded that if its Motion for Summary Judgment on the laches claim was denied, then the information regarding Defendant's revenues and profits dating back to 1998 would be relevant to the question of

statutory damages. The Court indicated at the hearing that should summary judgment be denied, then information regarding international revenues and profits would similarly be relevant under Rule 26. Accordingly, based on the Court's ruling denying summary judgment on the laches claim, Plaintiff is entitled to information responsive to this request dating back to 1998 for both domestic and international revenues and profits.

**8. Request for the Production of Documents No. 1**

Plaintiff initially named both Electronic Arts, Inc. ("EA"), and his former band mate, Frank Klepacki ("Klepacki"), as defendants in this action. On November 18, 2010, Plaintiff amended his complaint to only state a claim against EA. Although the parties dispute whether this dismissal was with or without prejudice, it is undisputed that Plaintiff did not evidence his intent in writing that the dismissal be with prejudice until November 2011 when— according to Plaintiff— he sent a letter to Klepacki's counsel indicating as much.

In response to Request for the Production of Documents No. 1, Defendant asserted the joint defense privilege, also referred to as the common interest privilege, over a June 2011 email exchange between Klepacki and an executive at EA. The common interest privilege applies where "(1) the communication is made by separate parties in the course of a matter of common interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived. The privilege does not require a complete unity of interests among the participants, and it may apply where the parties' interests are adverse in substantial respects." *United States v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. 2003) (internal citations omitted).

Plaintiff contends that the privilege does not apply because at the time of the emails Klepacki was no longer a party to the action. However, as explained above, Klepacki's dismissal was at least initially without prejudice, and as such, at the time of the communications at issue, absent any judicially noticeable indication to the contrary, Plaintiff could have reasserted his claims against Klepacki. Thus, at the time of the communications at issue Klepacki and EA continued to share a common interest because they were both vulnerable to related claims by Plaintiff and therefore any communications between them

4

regarding this matter are subject to the joint defense privilege. Accordingly, the Court declines to order production of the email.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Compel Production of Discovery (Dkt. No. 74) is GRANTED in part.

**IT IS SO ORDERED.**

Dated: February 1, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE