IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. GREER,<br><br>  Plaintiff,<br><br>  v.<br><br>ELECTRONIC ARTS, INC.,<br><br>  Defendant. | Case No.: C10-3601 RS (JSC)<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL IN PART (Dkt. No. 105)** |

Now pending before the Court is Plaintiff's Motion for Leave to File a Motion for Partial Reconsideration of the Court's Order granting Plaintiff's Motion to Compel in Part. (Dkt. No. 105). Because Plaintiff has not shown that the motion is based on any new facts or evidence that were unavailable to Plaintiff before the Court's decision on his motion to compel, the Court DENIES Plaintiff leave to file a motion for reconsideration.

Plaintiff seeks reconsideration of the Court's rulings regarding Requests for the Production of Documents Nos. 5, 6, and 10.[1] Request Nos. 5 and 10 sought documents

---

[1] Plaintiff also references Request for Production of Documents No. 4, acknowledging that he did not move to compel regarding Request No. 4, but asserting that licensing documents would also be responsive to Request Nos. 5 and 10. The Court does not see the link between

concerning third-party derivative works or "mods" of *Tiberian Dawn* or any other work which includes the song *Destructible Times*. Request No. 6 sought documents concerning Defendant's expectations for the "Command & Conquer Community," which the Court understood to refer to www.commandandconquer.com. Based on Defendant's representation during oral argument that Defendant had not found any documents evidencing that it encouraged anyone to create a "mod" or any other derivative work with the song *Destructible Times*, and did not find any documents evidencing that it encouraged anyone to download patches that would insert the song *Destructible Times* into a "mod" of any game, the Court declined to order additional discovery regarding Request Nos. 5 and 10. The Court denied Request No. 6 because Plaintiff had not established the relevance of this broad category of documents.

Plaintiff alleges that newly discovered evidence justifies reconsideration of the Court's prior order pursuant to Local Rule 7-9(b)(2), which requires the moving party to show "[t]he emergence of new material facts or a change of law occurring after the time of such order." However, the evidence on which Plaintiff relies and has attached to his motion consists of website printouts predating the underlying motion to compel – the most recent of which dates from July 29, 2011 and some dates from as far back as 2003. (Dkt. No. 105-2 (posted July 29, 2011); Dkt. No. 105-4 (posted October 6, 2005)). This is not new evidence *occurring after* the time of the Court's order as required by Local Rule 7-9(b)(2).[2]

Instead, Plaintiff appears to be rehashing the same arguments that he advanced in support of his motion to compel in the first instance in contravention of Local Rule 7-9(c). See L.R. 7-9(c) (stating "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered.") Namely,

---

the requests, but finds it unnecessary to reach this issue since the motion is being denied as to all requests.

[2] The Court notes that this "evidence" is of questionable evidentiary value given the District Court's order filed February 14, 2012 denying Plaintiff's motion for partial summary judgment. In that order, Judge Seeborg discussed in detail the evidentiary shortcomings of these same website printouts. (Dkt. No. 107, pp. 3-4).

2

1 Plaintiff asserts that the documents show that Defendant has encouraged third-parties to
2 create "mods" of *Tiberian Dawn* using the song *Destructible Times*. However, as with the
3 underlying motion to compel, there is no direct evidence of encouragement.
4   The Court briefly reviews the offered evidence. The
5 www.commandandconqueror.com blog that references the xwis.com server does not mention
6 *Command & Conqueror: Tiberian Dawn* ("the Game") – the game at issue. (Dkt. No. 105-
7 2). Although the xwis.com link on this page redirects to a website which lists the Game, the
8 link to the Game is an empty webpage simply showing screenshots of the Game. (Dkt. No.
9 105-3). Plaintiff represents that "XWIS publishes a free set of software tools called the
10 XCC Utilities that allow third-party "modders" to extract movie and music files that include
11 *Destructible Times*." (Dkt. No. 105, p. 3). In support of this allegation, Plaintiff submits a
12 screenshot of a website; however, there is no indication what website it is from, when it is
13 from, or most importantly, that Defendant has any knowledge of this website's existence.
14 (Dkt. No. 105-5). The following exhibit, from September 2003, references making a "TC"
15 for the Game, but there is no indication of what a "TC" is, and again, there is no link
16 between this website and Defendant. (Dkt. No. 105-6). Furthermore, this website is from
17 *September 2003,* four years before Defendant made the Game available for free download
18 and thus, well before Plaintiff's primary contributory and vicarious infringement claims
19 allegedly arose. (Dkt. No. 96, p. 2). Finally, Plaintiff submits a blog post from a third-party
20 indicating that he knows his activities with respect to the Game are illegal, but nonetheless
21 suggesting Defendant's tacit approval of his activities. (Dkt. No. 105-7, p. 8). Notably,
22 Plaintiff has not produced the website referenced by the third-party which allegedly
23 demonstrates Defendant's tacit approval.
24   In sum, this "evidence" does not undermine Defendant's representation that it does
25 not possess any documents suggesting that it encouraged third-parties to create derivative
26 works or "mods" of *Tiberian Dawn* using the song *Destructible Times*. Indeed, Plaintiff
27 concedes that the "encouragements" on which he premises the request for reconsideration
28 "may not specifically mention *Destructible Times*" but argues "that omission has itself been

1  a continuing infringement." (Dkt. No. 105, p. 3). This argument is insufficient to
2  demonstrate encouragement or to call into question Defendant's representations that it
3  searched for and was unable to identify any documents responsive to Plaintiff's requests.
4  The Court finds that reconsideration is not warranted under Local Rule 7-9.[3]

Based on the foregoing, Plaintiff's Motion for Leave to File a Partial Motion for Reconsideration is DENIED. (Dkt. No. 107).

**IT IS SO ORDERED.**

Dated: February 16, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

---

[3] Although Plaintiff's motion suggests that he also seeks reconsideration of the Court's ruling regarding Request No. 6, the focus of his motion is on Request Nos. 5 and 10. The Court nevertheless considered the extent to which Plaintiff's arguments applied to the ruling regarding Request No. 6 and finds no reason to reconsider its ruling in that regard.