**\*\*E-filed 2/17/12\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GREGORY A. GREER

    Plaintiff,

v.

ELECTRONIC ARTS, INC.,

    Defendant.
_____/

No. C 10-3601 RS

**ORDER SETTING NEW EXPERT DISCOVERY DEADLINES**

Plaintiff seeks relief from the now-expired deadlines for disclosure of expert materials and conducting expert discovery. Plaintiff's counsel has described personal circumstances that he contends interfered with his ability to comply with the prior deadlines or to seek relief prior to the time they expired. Plaintiff also argues that defendant's delay in producing certain discovery impeded the ability of his experts to prepare timely reports. Plaintiff's explanations do not fully account for the failure to serve timely and complete disclosures relating to Mr. Sloper, given that no reason appears why he could not have analyzed the data previously provided by defendant, reserving the right to supplement his report upon any further production. Nor do the payment issues relating to the retention of a second expert fully excuse the failure to seek relief from the deadlines in advance.

The claimed prejudice that defendant has identified, however, relates solely to the burdens associated with conducting expert discovery and utilizing experts at trial. While defendant argues

that it has been proceeding on the assumption that there would be no expert testimony in this matter, it does not point to anything it has done in reliance on that assumption that would represent cognizable prejudice. Engaging in expert discovery, and potentially retaining its own experts, will be more expensive and time-consuming to defendant than not doing so, but it has not shown that those burdens will be significantly higher now than if plaintiff had met the original disclosure deadlines. Trial in this matter is not set until May 29, 2012, leaving ample time to conduct and complete expert discovery.

Accordingly, good cause appearing:

(1) On or before February 29, 2012, plaintiff shall disclose expert testimony and reports in accordance with Federal Rule of Civil Procedure 26(a)(2).

(2) On or before March 23, 2012, defendant shall disclose expert testimony and reports in accordance with Federal Rule of Civil Procedure 26(a)(2).

(3) On or before April 27, 2012, all discovery of expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4) shall be completed.

IT IS SO ORDERED.

Dated: 2/17/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE