**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                         SAN FRANCISCO DIVISION

10

GREGORY A. GREER                              No. C 10-3601 RS

11

12          Plaintiff,

                                              **ORDER GRANTING IN PART, AND**
13      v.                                    **DENYING IN PART PLAINTIFF'S**
                                              **MOTION TO REOPEN DISCOVERY**

14   ELECTRONIC ARTS, INC.,

15          Defendant.
                                    /
16

17          Two months prior to the discovery cut-off in this action, plaintiff was expressly ordered to

18   "act expeditiously to obtain resolution of any discovery disputes he contends remain outstanding."

19   Order filed September 30, 2011 at 2:12-13.  Plaintiff filed no motion to compel until November 30,

20   2011, one day prior to the discovery cut-off.  On that same day, plaintiff filed a motion seeking to

21   extend discovery.  The only grounds plaintiff offered in support of such an extension was the

22   existence of his pending motion to compel.  An order denying that motion entered on December 1,

23   2011, which explained that if the motion to compel were granted, in whole or in part, defendant's

24   obligation to produce such additional information as might be ordered would not be excused by the

25   fact that the discovery cut-off had passed.  The order further held that to the extent plaintiff was

26   contending that his ability to propound additional discovery beyond that at issue in the motion to

27   compel had been frustrated by those unresolved disputes, he had not shown sufficient diligence in

28   bringing his motion to compel.

The December 1, 2011 order also denied plaintiff's request to reopen the time for making expert disclosures, which had already expired. That denial, however, was expressly without prejudice, and plaintiff subsequently filed a renewed motion, which was granted. In making his renewed motion for leave to serve expert disclosures, plaintiff offered evidence of certain personal challenges his primary counsel experienced during October and November of 2011.

Plaintiff has now brought a motion seeking a "limited" reopening of discovery, which he characterizes as being either a motion to modify the scheduling order or a motion for reconsideration of the December 1, 2011 order, whichever may be deemed appropriate. Because the motion represents a renewal of plaintiff's prior request to extend the fact discovery cut-off, albeit arguably one seeking more limited relief, it is appropriately characterized as a motion for reconsideration, and therefore subject to Civil Local Rule 7-9. As such, the motion required leave of court prior to it being filed. Under all the circumstances here, however, plaintiff's failure to seek advance leave to file the motion will be disregarded in this one instance, and it will be addressed on the merits.

As justification for reconsideration, plaintiff relies on the facts regarding his counsel's personal situation in the October-November 2011 time frame. Those facts were known, and therefore could have been presented, at the time plaintiff originally sought to extend fact discovery. As such, they form a tenuous basis for reconsideration. Nevertheless, because those same facts arguably impaired plaintiff's ability to present his request for an extension effectively, and because counsel's reluctance to rely on his personal circumstances as a basis for an extension request is understandable and generally to be encouraged, the present motion will not be denied for mere failure to satisfy the prerequisites for reconsideration.[1]

---

[1]   Additionally, the motion in part argues that additional discovery is warranted in light of information produced by defendant after the discovery cut-off. To the extent defendant in fact produced new information after the cut-off warranting further discovery, that would also serve as a basis for reconsideration. Plaintiff's additional contention that he "independently" discovered certain additional facts after the cut-off, however, does not support reconsideration, because he has failed to explain how or why such information could not have been uncovered earlier. The mere fact that a party may continue independent investigation after a discovery cut-off and learn additional facts is neither a basis for reconsideration nor grounds for reopening discovery even if reconsideration were otherwise appropriate.

**United States District Court**
For the Northern District of California

1

2   1.  Deposition of Aaron Kaufman

3   Defendant has identified Aaron Kaufman as the individual who made the decision in 2007 to

4   release the game in issue for free download.  Kaufman was specifically identified in the Second

5   Amended complaint as the person who announced and promoted the free downloads, yet plaintiff

6   elected not to seek his deposition.  The argument that plaintiff did not understand there was a need

7   to depose him until learning that the decision to release the game was solely his, is unpersuasive,

8   particularly given that plaintiff has not articulated why a deposition of the decision-maker, whoever

9   it may have been, is of particular import.[2]  It is undisputed that defendant made the game available

10  for free download, and it is not relying on any defense, such as advice of counsel, that it did so after

11  analyzing what legal rights it did or did not have with respect to the song in which plaintiff claims

12  copyright.  Plaintiff has not shown a basis on which he should be permitted to depose Kaufman

13  now.

14

15  2.  Deposition of "EA-CIRE"

16  "EA-CIRE" is the "screen name" of the current Community Manager for the *Command &*

17  *Conquer* games, a role previously filled by Kaufman.  Plaintiff asserts he did not become aware of

18  EA-CIRE's "role" until January of 2012.  Plaintiff has not explained, however, what the importance

19  of deposing the current Community Manager might be.  More fundamentally, assuming the

20  Community Manager is a witness of any consequence to the claims, plaintiff has not explained why

21  he did not seek to depose such person long ago, whether or not he knew the "EA-CIRE" screen

22  name.[3]  There is no basis to permit such a deposition now.

23  [2]   While the standard for discoverability requires only that a request for information be "reasonably

24  calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26 (b)(1), plaintiff

25  cannot establish a basis for reconsideration, or good cause for reopening discovery, merely by
    pointing to a witness who may have discoverable information.

26  [3]   It also seems likely that the existence and screen name of any current "Community Manager"

27  playing an active role in connection with defendant's continued association with the game would
    have been readily ascertainable at any point in time during this litigation, simply by visiting the

28  relevant websites, with which plaintiff undoubtedly is familiar.

3.  <u>Documents related to XWIS, and the deposition of its principal</u>

Plaintiff's opposition to the motion to dismiss, filed at the outset of this action, explicitly mentioned "Olaf Van Der Spek and his team at XWIS" as persons involved in activities that plaintiff contends give rise to his claims for contributory copyright infringement.  Plaintiff now contends, however, that not until January of 2012 did he "independently learn" who they were.  As noted above, information gathered by plaintiff through independent investigations after the discovery cut-off is neither a basis for reconsideration nor grounds for reopening discovery, standing alone.  Plaintiff's assertion that defendant failed to disclose the existence or role of these persons "despite Plaintiff's relevant discovery requests" is also insufficient, because he has failed to identify any such discovery requests or to show that defendant's responses were inadequate.  Further discovery as to these persons is not warranted.

4.  <u>Fed. R. Civ. P. 30(b)(6) deposition re accounting issues</u>

In compliance with the magistrate judge's order on plaintiff's motion to compel, defendant disclosed additional financial information after the close of discovery.  Plaintiff contends that there are inconsistencies between earlier and later-produced information, and that he does not understand all of defendant's accounting methodologies and terminology.  Defendant argues that plaintiff should have recognized any difficulty he might have with understanding the data at the time of the initial production, and that since he did not seek clarification through deposition testimony at that point in time, he should not be permitted to do so now.  Proceeding with a deposition based on the initial documents produced, however, would have resolved only some of the problems plaintiff contends exist.  While the better practice would have been at least to have *noticed* such a deposition prior to the cut-off, plaintiff has made an adequate showing that a deposition now is warranted in light of defendant's post-cut-off productions.  Additionally, there is no undue prejudice to defendant in permitting a single deposition, given that trial is not scheduled to begin until September 24,

United States District Court
For the Northern District of California

2012.[4]   Accordingly, no later than August 10, 2012, defendant shall make available a witness under Rule 30(b)(6) to testify for up to 4 hours.[5]

    5.   Written question depositions to third party websites

Plaintiff contends he needs to depose by written questions a "representative sample" of operators of third-party websites, to address "authentication and hearsay" issues he did not become aware of until receiving the court's order denying his motion for partial summary judgment.  Any failure by counsel to appreciate fully, or to distinguish among, the various evidentiary issues presented when a party attempts to establish events and communications taking place on the internet is neither grounds for reconsideration nor a basis to reopen discovery.   The Court will not attempt to prejudge any of the questions that may arise at trial if plaintiff attempts to introduce material that presently exists, or at one time existed, on the internet.   The potential hurdles to admissibility will depend on a variety of factors, including the nature of a particular document, and the purposes for which it is being offered.

Plaintiff's assertion that courts in the Ninth Circuit "consistently" accept evidence in the form submitted with his motion for summary judgment is disproved by the primary case upon which he relies.  *See Perfect 10, Inc. v. Cybernet Ventures, Inc.,* 213 F. Supp. 2d 1146 (C.D. Cal. 2002).  First, in accepting *some* of the plaintiff's evidence reflected in documents printed from the internet, the *Perfect 10* court relied on the "reduced evidentiary standard in preliminary injunction motions." *Id.* at 1154.  Plaintiff's motion in this case was not subject to any such lower standard.

Second, the court engaged in further analysis of particular documents to determine whether authentication and/or hearsay problems existed, and it expressly considered only those documents,

---

[4]  Contrary to plaintiff's argument, however, it would impose an unfair burden on defendant to reopen discovery to permit *all* of the further depositions and written discovery he is proposing. While trial is not imminent, the date was continued to accommodate other demands on counsel's schedule.  To require defendant to engage in substantial further discovery proceedings during the very window of time that was set aside as unavailable is not appropriate.

[5]  The Court is aware that defendant's lead inside counsel likely will still be on maternity leave, but does not believe that is a sufficient basis to preclude the deposition.

or portions thereof, where those issues were not "problematic." *Id.* at 1154 n. 2. In finding that plaintiff's submissions in this case *were* problematic, the Court was not concerned with the fact that they were printouts from the internet *per se*, but that plaintiff had not done enough to show that they were what he said they were, even given the principle mentioned in *Perfect 10* that dates and web addresses on internet printouts can serve as circumstantial indicia of authenticity. *See id.* at 1154. Importantly, in *Perfect 10*, plaintiff's primary purpose in introducing many of the webpage printouts was merely to show that its copyrighted photographic images *appeared* on various websites. Determining whether a photo on a webpage printout matches one in which a plaintiff claims copyright is a relatively simple matter. In contrast, plaintiff here was attempting to establish, as undisputed fact, that defendant was liable for *contributory infringement* based on *statements* of various kinds appearing in numerous contexts and purportedly made by specific people. The evidentiary challenges were very different.

Again, particular evidentiary issues will have to be addressed as they may arise at trial. It may well be that some internet printouts will be admissible without testimony from those responsible for maintaining the websites from which they were taken, depending on the foundation laid, and the purposes for which they are offered. Conversely, even extensive testimony from website operators would not eliminate all of the evidentiary problems that were presented by plaintiff's showing in his summary judgment motion. In any event, the comments in the order denying that motion do not serve as grounds for reconsideration or for reopening discovery at this juncture.

6. <u>Requests for admissions</u>

Plaintiff seeks leave to serve "notices to admit" relating to the further discovery he is seeking *and* to unspecified "previous discovery responses." Plaintiff has made no showing whatsoever that such requests for admission are either necessary or appropriate.

United States District Court
For the Northern District of California

7.  <u>Documents for use by plaintiff's expert witness</u>

Subsequent to the filing of this motion, plaintiff submitted a "supplemental" brief proposing that he be permitted to propound requests for an *extensive* list of documentation his expert has requested to assist her in preparing her opinions.  Suffice it to say that the breadth of materials plaintiff is now seeking is tantamount to reopening document discovery as if this were the outset of the case.  Plaintiff has made absolutely no showing of any possible basis for reconsideration with respect to this aspect of his request.  Putting aside the prerequisites for reconsideration, plaintiff has utterly failed to establish good cause for reopening discovery to such a degree.

Accordingly, plaintiff's motion is granted insofar as defendant shall be required to produce a witness to testify up to four hours regarding the financial information it has produced.  The deposition shall be scheduled as soon as the schedule of defendant's counsel reasonably permits, but in any event no later than August 10, 2012.[6]  The motion is otherwise denied.

IT IS SO ORDERED.

Dated: 6/27/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[6]  In the event defendant's lead counsel remains unavailable through July, presumably the deposition can be defended by alternate counsel.

United States District Court
For the Northern District of California