IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GREGORY A. GREER

        Plaintiff,

  v.

ELECTRONIC ARTS, INC.,

        Defendant.
_____/

No. C 10-3601 RS

**ORDER RE PLAINTIFF'S NOVEMBER 6, 2012 MOTION**

Plaintiff has noticed a motion for hearing before the undersigned that requests a variety of types of relief related to discovery disputes. While requests to re-open discovery for all purposes or to continue a trial date may be appropriately addressed to the presiding judge, most of the issues presented by plaintiff's motion must be presented to the assigned magistrate judge in the first instance, in such manner as prescribed by her standing orders and procedures. The request to reopen discovery generally is denied, without prejudice to the magistrate judge's discretion to permit such further discovery, if any, that may be warranted should any of plaintiff's complaints regarding defendant's prior discovery conduct be found timely and meritorious.

Plaintiff's request to continue the trial date of February 11, 2013 is denied. As ordered on November 7, 2012, the initial phase of the trial will be limited to defendant's equitable defenses, to be presented to the Court sitting without a jury. Much, if not all, of the discovery plaintiff is

seeking has no relevance to those issues. Even to the extent some of the disputes might have arguable or tangential bearing on the issues to be tried in the first phase, plaintiff has failed to show that a continuance is warranted.

Plaintiff's request to strike defendant's affirmative defenses as a sanction for alleged discovery misconduct shall be presented to the magistrate judge in the first instance. In the event the magistrate judge concludes that imposing such sanctions would be warranted but would exceed the scope of her authority to make "non-dispositive" rulings, she may proceed by report and recommendation as to that discrete issue.

Defendant's request to strike plaintiff's motion as untimely in light of the scheduling order's deadline applicable to "pretrial motions" is denied. While the term "pretrial motions" reasonably could be understand to encompass discovery motions, that was not the intent of the scheduling order. Rather, discovery motions are generally governed by Civil Local Rule 37-3, which ordinarily requires them to be brought within 7 days of the discovery cut off. That rule is subject to an implied exception for motions arising from post-cut off productions made under court order. The magistrate judge may determine whether or not plaintiff's motion is timely in light of Rule 37-3 and all the circumstances here.

Plaintiff's motion to remove Document No. 140-34 as inadvertently filed is granted. Plaintiff's remaining requests for relief are referred to the magistrate judge for disposition.

IT IS SO ORDERED.

Dated: 11/9/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

2