IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. GREER,<br><br>  Plaintiff,<br><br>  v.<br><br>ELECTRONIC ARTS, INC.,<br><br>  Defendant. | Case No.: C10-3601 RS (JSC)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL FURTHER 30(b)(6) DEPOSITION (Dkt. No. 150)** |

Now pending before the Court is the parties' joint discovery letter brief regarding Plaintiff's motion to compel a further 30(b)(6) deposition. (Dkt. No. 150.) After carefully considering the parties' arguments and evidence, including the arguments and evidence attached to Plaintiff's motions to compel, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Plaintiff's motion.

## BACKGROUND

Fact discovery ended in December 2011 and trial was scheduled to commence on May 29, 2012. By Order filed February 1, 2012, the Court granted in part Plaintiff's motion to compel further discovery responses. (Dkt. No. 97.) In March 2012, and at the parties' joint request, the Court continued the trial to September 24, 2012 and then again to February

2013.  In April 2012, Plaintiff moved to extend the discovery cut-off to take additional fact discovery.  The district court denied Plaintiff's motion with one exception.  In particular, the district court ordered:

> In compliance with the magistrate judge's order on plaintiff's motion to compel, defendant disclosed additional financial information after the close of discovery. Plaintiff contends that there are inconsistencies between earlier and later-produced information, and that he does not understand all of defendant's accounting methodologies and terminology. . . . [P]laintiff has made an adequate showing that a deposition now is warranted in light of defendant's post-cut-off productions. Additionally, there is no undue prejudice to defendant in permitting a single deposition, given that trial is not scheduled to begin until September 24, 2012.  Accordingly, no later than August 10, 2012, defendant shall make available a witness under Rule 30(b)(6) to testify for up to 4 hours.

(Dkt. No. 127 at 4-5.)

Pursuant to the district court's Order, Plaintiff took the 30(b)(6) deposition of Kevin Gunderman on August 3, 2012 for four hours.  Plaintiff now moves to compel an additional 30(b)(6) deposition on the same topics as identified for the August 3, 2012 deposition.  He also asks for an order compelling Defendant "to provide an adequately prepared designee or designees, to answer questions with all facts known to Defendant or its counsel, and to produce documents reviewed by its deponents(s) in preparation for the deposition." (Dkt. No. 150 at 4.)

## DISCUSSION

As a preliminary matter, there is a serious question as to whether Plaintiff's motion is timely.  Civil Local Rule 37-3 provides that all discovery motions must be filed within one week of the close of discovery.  While Plaintiff was granted additional fact discovery after the discovery cut-off, arguably the one-week rule should apply to that discovery.  In other words, Plaintiff should have filed his motion, or at least notified Defendant of the dispute, by the end of August 2012.  Instead, it is undisputed that he did not advise Defendant of any dispute with regard to the 30(b)(6) deposition until October 2012 and he did not file his motion to compel until November 6, 2012.

Nonetheless, because the Local Rules do not specifically address motions to compel related to discovery produced in response to court orders entered after the discovery cut-off, and because Plaintiff was not otherwise ordered to file any motion to compel by a date certain, the Court will entertain Plaintiff's motion on the merits.

**A. Refusal to Answer Questions and Produce Documents**

Plaintiff contends that Defendant's counsel improperly instructed Mr. Gunderman "*not* to provide information or identify documents defense counsel had given him," and that Defendant has improperly "refused to produce any documents Mr. Gunderman reviewed to prepare for the deposition." (Dkt. No. 150 at 3.) The Court disagrees.

In response to a question to Mr. Gunderman about why Defendant "might have made a representation" in an exhibit (Dkt. No. 140-2 at 169:21-170:5), Defendant's counsel instructed the witness that if he had any information separate and apart from what he had learned from counsel he could testify as to that information; but if all he knew about the "mistake" was what he had learned from counsel, such information was privileged. (*Id.* 171:20-171:2.) Plaintiff's counsel agreed with this instruction: "I should also point out that the mere fact that underlying facts are conveyed by counsel does not make the underlying facts privileged. And, therefore, if you have any knowledge of the underlying facts, I'm not particularly concerned about the contents of any communications. I'm simply asking about the underlying facts." (*Id.* at 172:4-10.) Mr. Gunderman responded that he did not know. (*Id.* at 172:15.) As Plaintiff has not established that Mr. Gunderman withheld any information, let alone material information, the motion is denied. Further, Plaintiff has not even attempted to explain why Mr. Gunderman should have responded as to facts that he had learned only from counsel.

**B. Refusal to Identify Documents**

Plaintiff next complains that Defendant's counsel directed Mr. Gunderman not to identify any documents he had reviewed that were provided by counsel unless those documents were the basis for any part of his deposition testimony. (Dkt. No. 140-2 at 10:18-19.) Plaintiff did not object to this instruction. More importantly, Mr. Gunderman then

proceeded to testify as to the documents he reviewed. (*Id.* at 10:20-11:15.) The record does not suggest that Mr. Gunderman failed to identify any documents that he had reviewed; even if he did, Plaintiff does not explain why he is entitled to know what documents Defendant's counsel provided Plaintiff if such documents had nothing to do with his deposition testimony. He is not so entitled. *Sporck v. Peil*, 759 F.2d 312, 315-19 (3rd Cir. 1985).

**C. Lack of Preparation**

The gravamen of Plaintiff's motion is that Mr. Gunderman was unable to answer questions that he should have been prepared to answer and thus the Court should order Defendant to appear for a further 30(b)(6) deposition with a deponent prepared to answer the questions. He provides a list of the "more than 40 questions" which Mr. Gunderman was unable to answer. (Dkt. No. 140-42.) The Court has reviewed the questions and responses and finds that Defendant did not violate its Rule 30(b)(6) obligation. First, most of the questions are well-beyond the scope of the rationale for giving Plaintiff an additional four hours of 30(b)(6) testimony. Second, given the broad nature of the subjects Plaintiff identified in its 30(b)(6) deposition notice, a witness cannot be faulted for not knowing every fact that could possibly come within the scope of a particular topic, and many of the questions do not even appear to fall within any of the topics. Third, Plaintiff has not explained why he needs the answers to these questions, especially at this late stage in the litigation. The Court will not order further discovery just for the sake of ordering further discovery.

Accordingly, Plaintiff's motion to compel a further 30(b)(6) deposition is DENIED. This Order disposes of Docket No. 150.

**IT IS SO ORDERED.**

Dated: December 10, 2012

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE