United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. GREER,<br><br>          Plaintiff,<br><br>     v.<br><br>ELECTRONIC ARTS, INC.,<br><br>          Defendant. | Case No.: C10-3601 RS (JSC)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY, FOR FURTHER DEPOSITIONS, AND FOR SANCTIONS (Dkt. No. 151)** |

Now pending before the Court is the parties' joint discovery letter brief regarding Plaintiff's motion to compel further discovery responses and depositions, and for sanctions. (Dkt. No. 151.) After carefully considering the parties' arguments and evidence, including the arguments and evidence attached to Plaintiff's second motion to compel, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Plaintiff's motion.

**BACKGROUND**

Fact discovery closed in December 2011 and trial was scheduled to commence on May 29, 2012. By Order filed February 1, 2012, the Court granted in part Plaintiff's motion to compel further discovery responses. (Dkt. No. 97.) In March 2012, and at the parties' joint

request, the district court continued the trial to September 24, 2012, and later to February 2013.  In April of this year Plaintiff moved to extend the discovery cut-off to take additional fact discovery.  The district court denied Plaintiff's motion with one limited exception. (Dkt. No. 127.)  Eight months after the Court granted in part and denied in part Plaintiff's motion to compel, and nearly a year after the discovery cut-off, Plaintiff filed a second motion to compel, once again seeking additional discovery.  Plaintiff contends that Defendant violated this Court's February 1, 2012 discovery order and therefore he is entitled to further discovery responses, depositions and sanctions.

**A. The decision to offer *Tiberian Dawn* as a free download**

With respect to Interrogatory No. 3, the Court stated: "Defendant has agreed to identify to Plaintiff those individuals who made the decision in 2007 to make *Command & Conquer: Tiberian Dawn* available for free download. The Court declines to order any further discovery."  (Dkt. No. 97 at 2.)  Defendant identified Andrew Kaufman in full compliance with the Court's Order.  Plaintiff's assertion that Mr. Kaufman did not make the decision is wholly unsupported.  Moreover, in denying Plaintiff's request to reopen discovery to permit a deposition of Mr. Kaufman, the district court ruled—in effect—that the deposition of the person who made the decision would be irrelevant.  (Dkt. No. 127 at 3.)  Plaintiff has ignored this ruling in moving for permission to take the depositions of others who Plaintiff believes were the actual decision makers, and once again fails to offer any explanation of relevance.  Plaintiff's motion is denied.

**B. Encouragement of mods with *Destructible Times***

Plaintiff contends that at the hearing on his first motion to compel "Defendant falsely represented that the creation of infringing TD mods was impossible because EA had not released a software developer kit or SDK, for TD, and that nobody at EA knew anything of such mods." (Dkt. No. 151 at 2.)  Plaintiff misstates Defendant's representations.  Defendant did represent that it had never released a software developer kit ("SDK") for *Tiberian Dawn*; indeed, it has now submitted a declaration supporting that representation.  It also represented that "there has never been anything that could—anything remotely be called encouragement

1  any third-party to take the *Destructible Times* out of *Command & Conquer*: *Tiberian Dawn*
2  and use it in some other game, whether it's a mod or not a mod or whatever you want to call
3  it." (Dkt. No. 125 at 20.)  Defendant represented again: "there's nothing in EA's files or
4  searches of even the archive forums on the web that would suggest there's been any
5  encouragement to create anything with the song *Destructible Times* or to encourage patches
6  to be downloaded that would insert the song *Destructible Times* or and got the song for that
7  matter into a mod of any game." (Dkt. No. 125 at 25.)  The You-Tube video upon which
8  Plaintiff premises his motion does not establish that the above representations are false.
9  Defendant did not represent that it never promotes any mods; it represented that it does not
10 encourage the creation of mods that use *Destructible Times*.  One reason it does not do so is
11 that it has not released a SDK that would allow third parties to build mods on the actual
12 Command and Conquer: *Tiberian Dawn*.  Another reason is that it has not released or
13 encouraged patches that allow third parties to insert *Destructive Times* into their *Tiberian*
14 *Dawn* mods that were built on other *Command and Conquer* engines.  Accordingly, the
15 motion to compel is denied.

16  Plaintiff contends that Defendant is wrong, and that third parties have figured out how
17 to create mods of games even without a SDK.  Even if that is true, however, Plaintiff is
18 essentially asking the Court to reconsider its earlier ruling and now order Defendant to
19 produce documents that reflect any promotion of websites that promote *Tiberian Dawn* mods,
20 even if there is no direct promotion of *Tiberian Dawn* mods that include *Destructible Times*.
21 Plaintiff has not asked for leave to make such a reconsideration motion, and any such motion
22 would, in any event, be denied as the YouTube video upon which Plaintiff relies was
23 available at the time of the first motion to compel.

24  **C. Web analytics**

25  Plaintiff contends that the Court previously declined to order "web analytics
26 discovery" based on Defendant's misrepresentation that it did not perform any website
27 tracking of the *Command and Conquer* franchise until 2011 and that *Tiberian Dawn* was

available for only a short time on Defendant's website; accordingly, it seeks "analytics information."

The Court does not find that Defendant has withheld any responsive discovery. Plaintiff's discovery requests sought "each and every Internet Address to which one or more downloads of *Tiberian Dawn* have been made from" Defendant's websites (Interrogatory No. 14), and documents concerning the identities and behaviors of visitors to those websites (RFP No. 7). Defendant "represented that it cannot ascertain either the IP addresses or the number of downloads made from Defendant's site in August 2007 when Command and Conquer: *Tiberian Dawn* became available for download on the site." (Dkt. No. 105 at 3.) Plaintiff has not submitted anything that suggests this representation is untrue. To the contrary, Defendant again represents, under oath, that it has "been unable to determine the number of times the game was downloaded, the IP addresses of persons who downloaded the game, the countries from which those downloads were made, or anything else about the identity or behaviors of persons who downloaded the game." (Dkt. No. 151-8 at ¶ 8.) Defendant explains: "Because *Command & Conquer* Gold is a legacy title, EA did not generate metric reports for the game. In addition, because the game was made available for free download as an ISO file, EA would not have automatically captured the downloads or IP addresses from which they originated through the web tagging that was in pace at the time." (*Id.* ¶ 9.) The hearsay "Linked In" profiles upon which Plaintiff relies do not suggest that Defendant is lying.

Plaintiff's complaint regarding Defendant's assertion as to the length of time *Tiberian Dawn* was available for download is not well taken. Regardless of how long *Tiberian Dawn* was available, Defendant does not possess the information Plaintiff seeks.

**D. Pre-2006 Revenues from Command and Conquer**

Plaintiff demands "a country by country breakdown of EA sales and profits." (Dkt. N. 151 at 3.) Plaintiff does not contend that the Court previously ordered such discovery; instead, he claims he does not trust the discovery Defendant has produced and thus he wants additional supporting documentation and information. Plaintiff already made a version of this request to the district court and it was denied. (Dkt. No. 107 at 7.) Moreover, the purpose of

4

the additional four hours of 30(b)(6) deposition testimony was to address Defendant's production of financial information. This request is denied.

### E. Request for Sanctions

Since the Court has denied Plaintiff's motion to compel in its entirety, it goes without saying that his request for sanctions is also denied. Defendant, too, seeks sanctions, although it does not identify the rule or authority upon which it bases its request. Its request is therefore also denied.

The Court is concerned, however, with Plaintiff's disregard of the deadlines for discovery motions; indeed, Plaintiff does not even attempt to justify why this request is being made at this late date notwithstanding the Local Rule regarding the deadlines for bringing discovery motions. *See* Civ. L. R. 37-3. While the Court does not anticipate there being any proper grounds for any further discovery motions, at least with respect to fact discovery, the Court hereby orders that going forward no party may require the opposing party to participate in the drafting and presentation of a joint discovery letter until the moving party has first received written permission from the Court. In other words, if a party wishes to move to compel, or bring some other discovery motion in accordance with this Court's standing order, it must first file a letter with this Court explaining why such a motion is necessary.

## CONCLUSION

For the reasons explained above, Plaintiff's motion to compel and for sanctions is DENIED. At some point fact discovery must end. That point has arrived.

This Order disposes of Docket No. 151.

**IT IS SO ORDERED.**

Dated: December 10, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE